

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI,               )
                                         )
              **Respondent,**    )
                                           )     **WD77548**
v.                                             )
                                            )     **OPINION FILED:**
                                            )     **June 30, 2015**
WILLIAM DOUGLAS LOGGINS,    )
                                            )
              **Appellant.**    )

### Appeal from the Circuit Court of Caldwell County, Missouri
### The Honorable R. Brent Elliott, Judge

**Before Division One:** James Edward Welsh, Presiding Judge, and
Thomas H. Newton and Karen King Mitchell, Judges

William Douglas Loggins appeals, following a jury trial, his convictions of first-degree burglary and stealing, for which he was sentenced to a total of ten years' imprisonment. Loggins challenges only the sufficiency of the evidence supporting the burglary conviction—specifically, the element of unlawful entry. Because the evidence supported the jury's determination that Loggins unlawfully entered the Wal-Mart from which he stole liquor and socks, we affirm.

### Background

On June 28, 2013, Michael Hobbs was working at the Marshall Wal-Mart in Saline County, Missouri, as an asset protection associate. Around 6:30 p.m., while Hobbs was

patrolling the parking lot, he saw a man ride up on a bicycle and enter the store. The man looked familiar to Hobbs as possibly someone who had stolen from Wal-Mart in the past. Because Hobbs was unsure, he decided to follow the man. Hobbs eventually recognized the man as William Loggins, who had, in fact, been banned from all Wal-Mart property, as of December 17, 2011.[1] Hobbs watched Loggins quickly grab a bottle of Jim Beam Bourbon off of a shelf and walk towards the front of the store. Before reaching the front of the store, Loggins lifted his shirt and shoved the bottle in the front of his pants. Loggins then left the store without paying and rode his bicycle off the property.

Hobbs contacted the Marshall Police Department, while trying to track Loggins's direction of travel. After losing sight of Loggins, Hobbs returned inside the store to compile video footage from various security cameras. Meanwhile, the Marshall police apprehended Loggins and found a bottle of Jim Beam Bourbon, as well as a package of socks on his person. After speaking to the police about the socks, Hobbs examined other security camera footage of Loggins and discovered that he had, in fact, taken the socks from Wal-Mart as well.

Loggins was charged as a persistent felony offender with first-degree burglary and stealing—third offense. At trial, Loggins accepted responsibility for the stealing charge, but argued to the jury that he was not guilty of burglary because there was no unlawful entry insofar as Wal-Mart consented to his entry. The jury rejected the argument and found Loggins guilty on

---

[1] On that date, Loggins signed a Wal-Mart-issued document titled, "Notification of Restriction from Property." The document advised Loggins that Wal-Mart had "determined [that he] engaged in conduct sufficient to necessitate limiting [his] access to Wal-Mart Stores, Inc. property." The document further advised that it "constitute[d] formal notice and warning that [Loggins was] no longer allowed on property owned by Wal-Mart Stores, Inc., or in any area subject to Wal-Mart Stores, Inc.'s control." The document warned Loggins, "Should you elect to ignore this Notice and enter Wal-Mart Stores, Inc., property, Wal-Mart Stores, Inc. may contact law enforcement and request you be charged with criminal trespass." Loggins signed the document below the following acknowledgment:

> I . . . understand and acknowledge that as of 17 day of December, 2011 I am prohibited from entering Wal-Mart Stores Inc., property. I understand this Notice will remain in effect until Wal-Mart Stores, Inc. rescinds it.

both counts, as charged. The court sentenced Loggins to consecutive terms of five years' imprisonment on each conviction. Loggins appeals.

**Standard of Review**

Loggins raises a single claim on appeal: he argues that evidence was insufficient to support his first-degree burglary conviction. "Appellate review of sufficiency of the evidence is limited to whether the state has introduced sufficient evidence from which a reasonable juror could have found each element of the crime beyond a reasonable doubt." *State v. Hosier*, 454 S.W.3d 883, 898 (Mo. banc 2015). An appellate "[c]ourt does not reweigh the evidence but, rather, considers it in the light most favorable to the verdict and grants the state all reasonable inferences." *Id.*

**Analysis**

"A person commits the crime of burglary in the first degree if he knowingly enters unlawfully . . . a building . . . for the purpose of committing a crime therein, and . . . while in the building[,] . . . [t]here is present . . . another person who is not a participant in the crime." § 569.160.1(3).[2] Loggins argues that the evidence failed to support the element of unlawful entry.

"[A] person 'enters unlawfully . . .' in or upon premises when he is not licensed or privileged to do so." § 569.010(8). A person may lawfully enter or remain in a public place "regardless of his purpose . . . unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or by other authorized person." *Id.*

Here, because Wal-Mart was open to the public, Loggins generally had a license or privilege to enter, regardless of his purpose. But that license or privilege was revoked on

---

[2] All statutory citations are to the Revised Statutes of Missouri 2000, as updated through the 2012 Cumulative Supplement, unless otherwise noted.

3

December 17, 2011, when Wal-Mart "personally communicated" to Loggins (through the "Notification of Restriction from Property") that he was no longer allowed to enter onto Wal-Mart Stores, Inc. property, unless and until the notice of restriction was rescinded.

Loggins argues, essentially, that Wal-Mart impliedly rescinded the restriction based upon evidence that the restriction was not enforced when he entered the store. More specifically, Loggins argues that, because Hobbs recognized Loggins as a banned person but did not ask him to leave, Wal-Mart essentially consented to Loggins's presence, rendering his entry lawful. We disagree.

Hobbs testified that, though Loggins initially looked familiar to him, he was not certain who Loggins was when Loggins entered the store. It was not until Hobbs followed Loggins for a short while that he realized who Loggins was. By that point, Loggins had already taken and concealed the alcohol. Hobbs testified that, even if Loggins had then paid for the alcohol, Hobbs still would have sought trespassing charges against Loggins for his unlawful entry. Hobbs indicated that enforcement of the banned list is challenging due to the sheer numbers of both customers and employees. Nevertheless, even if a banned person enters the store and pays for merchandise, and Wal-Mart later discovers the person was banned, Wal-Mart will address the issue either by contacting law enforcement or approaching the person, if possible.

In short, there was no evidence that Wal-Mart either expressly or impliedly rescinded its notification banning Loggins from the property. Thus, the lawful notice, personally communicated by Wal-Mart to Loggins, remained in effect, rendering Loggins's entry unlawful. Accordingly the State's evidence was sufficient to support the burglary charge. Loggins's point is denied.

**Conclusion**

The evidence presented was sufficient to support the element of unlawful entry of Loggins's first-degree burglary conviction. Accordingly the judgment of conviction and sentence are affirmed.

_____
Karen King Mitchell, Judge

James Edward Welsh, Presiding Judge,
and Thomas H. Newton, Judge, concur.

5